The opinion of the Court was delivered by
O’Neall, J.
The Act of 1821, under which the confession of judgment by Cane to Wooten & Goode was taken, provides *514 as follows, viz.: “ which confession, from the date thereof, shall create a lien upon the lands and tenements of such debtor: and as against subsequent purchasers and judgment creditors shall boar date from the day of signing as aforesaid.” The Act then goes on to provide that on the first day of the next ensuing term, the presiding Judge shall require the Clerk to read over the confessions by him taken between- the terms. But there is no provision in default of the confession being read at the first term, declaring it to be void, or postponing it to other judgments. It follows, therefore, that the positive enactment which gives it a lien from its date, must have effect.
The judgment of Wooten & Goode being the eldest one, was entitled to the proceeds of the sale of the defendant Cane’s land; and notwithstanding the sheriff had paid it over to Lewis Stokes, it is clear that he could have recovered it back as so much money paid by mistake. The plaintiff Stokes having legally refunded the money paid to him by the sheriff^ is entitled to have his execution for the balance of his debt, which thereby remains unpaid.
The decree of the Circuit Judge was correct, and the motion to reverse it is dismissed.
Johnson and Harper, JJ., concurred.

Motion dismissed.